Tami Kameda Sims (SBN 245628)
tami.sims@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA  90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Floyd A. Mandell (*pro hac vice forthcoming*)
floyd.mandell@katten.com
Carolyn M. Passen (*pro hac vice forthcoming*)
carolyn.passen@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061

Attorneys for Plaintiff Visier, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VISIER, INC.,<br>a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br>a Delaware Limited Liability Company,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];**<br><br>**(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(A)];**<br><br>**(3) COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>**(4) UNFAIR COMPETITION [CAL. BUS. & PROF. CODE § 17200];**<br><br>**(5) COMMON LAW UNFAIR COMPETITION.**<br><br>**DEMAND FOR JURY TRIAL** |

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

Plaintiff Visier, Inc. ("**Visier**"), by and through its attorneys, for its Complaint against Defendant Google LLC ("**Defendant**"), states as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and for related causes of action under California statutory and common law.

2.      This action arises from Defendant's infringement of Visier's valuable VISIER trademarks, which Visier uses in connection with its well-known and critically acclaimed people analytics platform, VISIER.  The VISIER platform is a cloud-based software application that analyzes data from different sources and applies cutting-edge machine learning algorithms to deliver insightful predictions about people.  VISIER is used by 1 in 3 Fortune 500 companies, and by many thousands of customers in the United States and elsewhere, to optimize how they manage their people and to find new ways of retaining and growing talent.

3.      Long after Visier began using its federally-registered VISIER marks in connection with its VISIER platform, Defendant Google began using the nearly identical mark VIZIER in connection with software that is used to optimize the performance of machine learning platforms. After learning of Defendant's use, Visier promptly contacted Defendant. Visier advised Defendant of its trademark rights and its concern that Defendant's use of a nearly identical mark for software that is both closely related and complementary to the software offered by Visier is likely to cause confusion among consumers. Visier requested that Defendant stop using the VIZIER mark and transition to a new name. Defendant has refused to do so.

4.      Given the relatedness of the parties' software, and the near identity of the respective marks, Defendant's use of VIZIER is likely to cause confusion as to whether Defendant's software incorporates Visier's innovative technology and cutting-edge algorithms, or is otherwise connected to, sponsored, or approved by Visier.  Alternatively, and given Defendant's ability to swamp the market via its GOOGLE search engine and other means, there is a real danger that consumers could be led to believe that Visier is simply reselling or repackaging Google technology, or is infringing upon Google's intellectual property rights, causing reverse confusion.

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

5.      Visier brings this action to stop Defendant's unauthorized and infringing use of a trademark that is confusingly similar to Visier's marks, and to obtain an award of profits, actual damages, and other relief.

**THE PARTIES**

6.      Visier is a Delaware corporation with a business address at 548 Market Street, #62284, San Francisco, California 94104.

7.      On information and belief, Defendant Google is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

**JURISDICTION**

8.      This Court has subject matter jurisdiction over the federal question claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338. This complaint also alleges violations of California law. This Court has jurisdiction over these state law claims pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367(a), in that the claims are so related to the above federal claims that they form part of the same case or controversy.

9.      This Court has personal jurisdiction over the Defendant in that the acts complained of herein occurred in the Northern District of California. In addition, Visier is informed and believes, and on that basis alleges, that Defendant resides in and is doing business in the State of California and in this judicial district.

**DIVISIONAL ASSIGNMENT**

10.     Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c).  Defendant resides in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**VISIER'S BUSINESS AND MARKS**

11.     Visier is the recognized global leader in people analytics and workforce planning. Its people analytics platform, VISIER, is a cloud-based software application that analyzes data from different sources and applies cutting-edge machine learning algorithms to produce insightful predictions about people (the "**VISIER Software**"). The VISIER Software delivers predictive

analytics for HR, leveraging advanced machine learning techniques, while enabling customers to validate predictions directly to even better adapt predictions to the needs of an organization. In short, the VISIER Software delivers fast, clear insight on people by using all the available people data regardless of source.

12. Visier was founded in 2010 and now has many thousands of users in the United States and elsewhere and approximately 15 million employee records under management.

13. Today, 1 in 3 Fortune 500 companies use the VISIER Software to improve their employee retention, diversity and inclusion, engagement, and more.

14. Since its first use of the VISIER mark in or around February 2011, Visier has expended millions of dollars in advertising, promoting, and selling its VISIER Software, which has received substantial unsolicited publicity and several industry awards. As a result, Visier has accumulated considerable goodwill and recognition in its VISIER mark, and has developed strong common law rights in the VISIER mark.

15. Due to the foregoing, consumers have come to associate the VISIER mark with Visier and its innovative software.

16. Visier also owns several registrations in the U.S. and around the world for its VISIER mark, including the following U.S. Registrations: 5,089,607; 5,089,608; 5,810,105; and 5,731,250 (collectively, the "**VISIER Marks**"). Copies of the certificates of registration are attached as **Exhibit 1**. As shown in Exhibit 1, U.S. Registrations 5,089,607 and 5,089,608 have been registered since *2016*.

**DEFENDANT'S BUSINESS AND UNAUTHORIZED CONDUCT**

17. On information and belief, Defendant is a technology company that specializes in Internet-related services and products, which include online advertising technologies, the GOOGLE search engine, cloud computing, software, and hardware.

18. In or around May, 2021, Visier learned that Defendant was launching a new managed machine learning platform "integrated with Vizier." This software launch was the subject of a *TechCrunch* article titled "Google Cloud launches Vertex AI, a new managed machine learning platform," dated May 18, 2021 (copy attached as **Exhibit 2)**. According to the

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

article, "Vizier [is] *Google's* AI optimizer that can automatically tune hyperparameters in machine learning models." (Ex. 2, emphasis added)

19.     It was this *TechCrunch* article that caused Visier to first learn of Defendant's use of VIZIER.

20.     On information and belief, Defendant's prior use of VIZIER was relatively obscure, and in connection with internal software development rather than any commercial offering or publicity.

21.     Further, on information and belief, even Defendant's internal use of VIZIER began many years after Visier's first use of the VISIER Marks in interstate commerce, and well after Visier had obtained federal registrations for VISIER.

22.     After learning of Defendant's use, Visier promptly contacted Defendant by letter correspondence dated September 2, 2021 (a copy of which is attached hereto as **Exhibit 3**). Visier advised Defendant of its VISIER Marks and trademark rights, and its concern that Defendant's use of the nearly identical mark VIZIER is likely to cause confusion among consumers.

23.     On information and belief, Defendant's VIZIER can be used with any software application that incorporates machine learning, including the VISIER Software.  In fact, VIZIER could be used to optimize the predictions from VISIER.  Given the propensity for both forward and reverse confusion, as well as dilution of its distinctive mark, Visier requested that Defendant stop using the VIZIER mark and transition to a new name.

24.     Since then, counsel for Visier and Defendant have exchanged email correspondence, and have had multiple telephone discussions, but have been unable to resolve the matter.

25.     Thus, Defendant has been, and continues to be, engaged in acts that are injurious and deceptive to the public and which will cause Visier irreparable harm.

26.     If allowed to continue, Defendant's conduct will result in irreparable harm to Visier.

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

## COUNT I

## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

27.     Visier realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

28.     Visier owns and has rights to use its federally-registered VISIER Marks in connection with "[c]omputer software for  . . . use in business analytics applications," and for other goods and services.

29.     As a result of Visier's longstanding, widespread, and continuous use of the VISIER Marks in interstate commerce, its marks enjoy considerable goodwill that has become associated with Visier.

30.     Visier's rights in its VISIER Marks predate Defendant's first use of the VIZIER mark.

31.     The VIZIER mark is highly similar to the VISIER Marks in sight, sound, and commercial impression.

32.     Moreover, Defendant uses the VIZIER mark in connection with software that is used to optimize the performance of the machine learning analytics in applications such as Visier's.  And, thus, Defendant's goods are both closely related and complimentary to the goods offered by Visier under the VISIER Marks.

33.     Defendant's use of VIZIER is likely to cause confusion as to the source, sponsorship, or approval of Defendant's software.  Consumers may be led to believe that Defendant's software is connected with Visier, including, but not limited to, consumers being led to believe that Defendant's software somehow incorporates Visier's innovative technology.  Alternatively, and given Defendant's ability to swamp the market via its GOOGLE search engine and other means, consumers could mistakenly believe that Visier is selling or repackaging Google's technology, or infringing on Google's intellectual property.

34.     Defendant chose to use VIZIER with constructive and/or actual knowledge of Visier's prior use of and rights in the VISIER Marks.

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

35.     Defendant's use of the confusingly similar VIZIER mark deprives Visier of the ability to control consumer perception of the quality of the goods and services marketed under the VISIER Marks, its house marks, and, instead, places Visier's valuable reputation and goodwill into the hands of Defendant, over whom Visier has no control.

36.     The aforementioned acts of Defendant constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

37.     The intentional nature of Defendant's acts makes this an exceptional case under 15 U.S.C. § 1117(a).

38.     Visier has been, is now, and will be irreparably harmed by Defendant's aforementioned acts of infringement, and, unless enjoined by the Court, Defendant will continue to infringe upon the VISIER Marks.  There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## COUNT II

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

## (15 U.S.C. § 1125(a))

39.     Visier realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

40.     Defendant's use of the VIZIER mark falsely suggests that its software is connected with, sponsored by, affiliated with, related to, and/or approved by Visier and its products marketed under the VISIER Marks.

41.     On information and belief, Defendant has acted with knowledge of Visier's VISIER Marks.  Two of the Visier Marks (5,089,607; 5,089,608) have been registered since 2016, and two others (5,810,105; and 5,731,250) since 2019.  Even a cursory search of the USPTO database would have revealed those registrations.

42.     Defendant's unauthorized use of a confusingly similar trademark constitutes unfair competition and a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

43.    Visier has been, is now, and will continue to be irreparably harmed by Defendant's aforementioned acts of unfair competition of false designation of ownership, and, unless enjoined by the Court, Defendant will continue to infringe Visier's rights. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**COUNT III**

**COMMON LAW TRADEMARK INFRINGEMENT**

44.    Visier realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

45.    By its acts alleged herein, Defendant has engaged in trademark infringement under the common law of the State of California.

46.    The general consuming public of California recognizes the VISIER Marks as designating Visier as the source of goods and services. Visier has common law trademark rights in the VISIER Marks under California law.

47.    Defendant's use of the confusingly similar mark VIZIER is likely to deceive the public into believing that Defendant's software either incorporates Visier's VISIER software or is otherwise connected with Visier. Alternatively, consumers may be led to believe that Visier is selling or repackaging Google technology, or infringing on Google's intellectual property.

48.    Defendant's wrongful activities in the State of California have caused Visier irreparable injury.

49.    Visier is informed and believes that unless said conduct is enjoined by this Court, Defendant will continue and expand those activities to the continued and irreparable injury of Visier. This injury includes a reduction in the distinctiveness of Visier's VISIER Marks, its house marks, and injury to Visier's reputation that cannot be remedied through damages alone, and Visier has no adequate remedy at law.

50.    Visier is entitled to a permanent injunction restraining and enjoining Defendant and its agents, employees, and all persons acting thereunder, in concert with, or on its behalf, from using in commerce the VISIER Marks or any colorable imitation thereof (including VIZIER).

51.     Visier is also entitled to recover (i) Defendant's profits, (ii) Visier's ascertainable damages, and (iii) Visier's costs of suit.

## COUNT IV

### UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §§ 17200, *et seq.*)

52.     Visier realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

53.     By the acts alleged herein, Defendant has engaged in unlawful and/or unfair business practices in violation of the California Unfair Competition Law ("**UCL**"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by among other things, engaging in trademark infringement.

54.     Defendant's acts are unlawful and/or unfair under the UCL because Defendant's use of the VIZIER mark in California is likely to confuse consumers as to the source, origin, or affiliation of Defendant's software, to misrepresent the nature, characteristics and qualities of Defendant's software and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that Defendant's software somehow incorporates, or has the nature, characteristics, and/or qualities, of Visier's VISIER Software.  Alternatively, as Defendant has the capability of swamping the market via its GOOGLE search engine and other means, consumers may be led to believe that Visier is selling or repackaging Google technology, or infringing on Google's intellectual property.

55.     Defendant's acts of unfair competition in the State of California have caused Visier irreparable injury. Visier is informed and believes that unless said conduct is enjoined by this Court, Defendant will continue and expand those activities to the continued and irreparable injury of Visier. This injury includes a reduction in the distinctiveness of Visier's VISIER Marks, its house marks, and injury to Visier's reputation that cannot be remedied through damages alone, and Visier has no adequate remedies at law. Visier is entitled to a permanent injunction restraining and enjoining Defendant and its agents, employees, and all persons acting thereunder, in concert with, or on its behalf, from using in commerce the VISIER Marks or any confusingly similar variation thereof (including VIZIER).

56.     As a direct and proximate result of Defendant's statutory unfair competition, Defendant has been unjustly enriched in an amount to be determined at trial.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

57.     Visier realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

58.     Defendant's actions described above constitute unfair competition under California state common law. Defendant's acts have resulted in the "passing off" of Defendant's software, including, without limitation, under the name VIZIER, as somehow related to or associated with, or sponsored or endorsed by, Visier, a competitor.

59.     Defendant's actions were undertaken with the purpose of misleading or deceiving the public into buying Defendant's product under the impression that it was purchasing Visier's product and/or that Defendant's product was sponsored or endorsed by Visier.

60.     Visier therefore is entitled to recover all damages proximately caused thereby in an amount to be established at trial.

61.     Defendant's wrongful conduct has caused and, if it continues, will continue to cause irreparable harm to Visier that cannot be fully compensated by money and for which Visier has no adequate remedy at law.  Therefore, in addition to monetary damages, Visier is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in the conduct alleged in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Visier respectfully prays for relief as follows:

1.     Entry of an order and judgment requiring that Defendant and its officers, agents, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with it, be permanently enjoined and restrained from (a) using in any manner the VISIER Marks, or any colorable imitation of those marks (including, but not limited to, VIZIER, GOOGLE VIZIER, or VERTEX AI VIZIER), as a trade name, trademark, service mark, or domain name; and (b) doing any act or thing calculated or likely to cause confusion or

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

mistake in the minds of members of the public, or current or prospective customers of Visier's products and services, with respect to the source of the products and services offered for sale, distributed, or sold by Defendant, or with regard to there being a connection between Defendant and Visier;

2.      A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Visier within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and implemented adequate and effective means to discontinue doing business and offering or selling goods using the VIZIER mark, as set forth above;

3.      A judgment, pursuant to 15 U.S.C. § 1117, requiring that Defendant account for and pay to Visier damages arising from Defendant's violation of the Lanham Act;

4.      A judgment, pursuant to 15 U.S.C. § 1117, requiring that Defendant account for and disgorge to Visier all of the profits realized by Defendant or others in active concert or participation with Defendant, relating to the use of the VIZIER mark, and, as the Court may deem appropriate, any additional amounts pursuant to 15 U.S.C. § 1117, plus interest;

5.      A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or show proof of said destruction or sufficient modification to eliminate all articles, signage, promotional items, literature, sales aids, packaging, or other materials in the possession, custody, or control of Defendant or its agents or distributors, bearing any mark confusingly similar to the VISIER Marks, both alone and in combination with other words or terms;

6.      A judgment, pursuant to 15 U.S.C. § 1117, allowing Visier to recover its costs and attorneys' fees incurred in connection with this action;

7.      A judgment requiring that Defendant pay pre- and post-judgment interest; and

8.      A judgment granting Visier any relief that the Court deems just and proper.

1   Dated:  September 19, 2022                KATTEN MUCHIN ROSENMAN LLP

2

3                                            By: /s/ Tami Kameda Sims
                                                   Tami Kameda Sims
4                                            Attorneys for Plaintiff
                                             VISIER, INC.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Katten**
Katten Muchin Rosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1

## **DEMAND FOR JURY TRIAL**

Plaintiff Visier, Inc. hereby demands trial by jury on all claims so triable.

Dated:  September 19, 2022               KATTEN MUCHIN ROSENMAN LLP


By: /s/ Tami Kameda Sims
        Tami Kameda Sims
Attorneys for Plaintiff
VISIER, INC.

# EXHIBIT 1

# United States of America

## United States Patent and Trademark Office

# VISIER

**Reg. No. 5,089,607**

**Registered Nov. 29, 2016**

**Int. Cl.: 9, 35, 42**

**Service Mark**

**Trademark**

**Principal Register**

Visier, Inc. (DELAWARE CORPORATION)
550 S. Winchester Blvd., Suite 620
San Jose, CA 95128

CLASS 9: Computer software for data storage, processing, and visualization for use in business analytics applications and business planning applications

FIRST USE 2-1-2011; IN COMMERCE 2-1-2011

CLASS 35: Business management, consulting, and support staff services relating to business analytics applications and business planning applications

FIRST USE 2-1-2011; IN COMMERCE 2-1-2011

CLASS 42: Software as a service (SaaS) featuring software for data storage, processing, and visualization related to business analytics applications and business planning applications

FIRST USE 2-1-2011; IN COMMERCE 2-1-2011

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 86-878,577, FILED 01-18-2016
JASON ROBERT NEHMER, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,089,608**

**Registered Nov. 29, 2016**

**Int. Cl.: 9, 35, 42**

**Service Mark**

**Trademark**

**Principal Register**

Visier, Inc. (DELAWARE CORPORATION)
550 S. Winchester Blvd., Suite 620
San Jose, CA 95128

CLASS 9: Computer software for data storage, processing, and visualization for use in business analytics applications and business planning applications

FIRST USE 1-1-2012; IN COMMERCE 1-1-2012

CLASS 35: Business management, consulting, and support staff services relating to business analytics applications and business planning applications

FIRST USE 1-1-2012; IN COMMERCE 1-1-2012

CLASS 42: Software as a service (SaaS) featuring software for data storage, processing, and visualization related to business analytics applications and business planning applications

FIRST USE 1-1-2012; IN COMMERCE 1-1-2012

The color(s) dark blue, light blue, light green, and dark green is/are claimed as a feature of the mark.

The mark consists of three diamonds that are generally arranged in a hexagon. Space between the diamonds gives the appearance of connecting three vertices of the hexagon. Each diamond consists of either a light green triangle and a dark green triangle, or a light blue triangle and a dark blue triangle. The design creates the appearance of a three-dimensional cube. The name "Visier" appears to the right of the hexagon.

SER. NO. 86-878,594, FILED 01-18-2016
JASON ROBERT NEHMER, EXAMINING ATTORNEY

Director of the United States
Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

**Reg. No. 5,810,105**

**Registered Jul. 23, 2019**

**Int. Cl.: 9, 35, 42**

**Service Mark**

**Trademark**

**Principal Register**

Visier, Inc.  (DELAWARE CORPORATION)
550 S. Winchester Blvd., Suite 620
San Jose, CALIFORNIA 95128

CLASS 9: Computer software for data storage, processing, and visualization for use in business analytics applications and business planning applications

FIRST USE 10-8-2017; IN COMMERCE 10-8-2017

CLASS 35: Business management, consulting, and support staff services relating to business analytics applications and business planning applications

FIRST USE 10-8-2017; IN COMMERCE 10-8-2017

CLASS 42: Software as a service (SaaS) featuring software for data storage, processing, and visualization related to business analytics applications and business planning applications

FIRST USE 10-8-2017; IN COMMERCE 10-8-2017

The mark consists of the name "VISIER" with the "V" oriented perpendicularly relative to the rest of the name. The "I" characters in the name and the vertical stroke of the "R" character in the name are rectangles that give the appearance of dividers between rows or columns depending on how the mark is rotated.

SER. NO. 87-825,491, FILED 03-08-2018



Director of the United States
Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# VISIER PEOPLE

**Reg. No. 5,731,250**

**Registered Apr. 23, 2019**

**Int. Cl.: 9, 35, 42**

**Service Mark**

**Trademark**

**Principal Register**

Visier, Inc. (DELAWARE CORPORATION)
550 S. Winchester Blvd., Suite 620
San Jose, CALIFORNIA 95128

CLASS 9: Computer software for data storage, processing, and visualization for use in business analytics applications and business planning applications

FIRST USE 2-9-2018; IN COMMERCE 2-9-2018

CLASS 35: Business management, consulting, and support staff services relating to business analytics applications and business planning applications

FIRST USE 2-9-2018; IN COMMERCE 2-9-2018

CLASS 42: Software as a service (SaaS) featuring software for data storage, processing, and visualization related to business analytics applications and business planning applications

FIRST USE 2-9-2018; IN COMMERCE 2-9-2018

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "PEOPLE"

SER. NO. 87-825,515, FILED 03-08-2018

Director of the United States
Patent and Trademark Office

# EXHIBIT 2

TechCrunch
Join TechCrunch+
Login

TechCrunch

Search **search**

TC Sessions: Space

Gift Guide

Startups

Videos

Audio

Newsletters

TechCrunch+

Advertise

Events

More

**Cannabis and banking gets a $22M Dutchie launch credit card for dispensaries**

Matt Burns



**With $3B expected in 2021, Singapore is becoming a fintech capital**

Lee Li

**Indonesia-focused AC Ventures closes oversubscribed $205M third fund**

Catherine Shu

**Sydney-based medtech startup Harrison.ai gets $129M AUD led by Horizons Ventures**

Catherine Shu

**Have we reached peak founder-friendliness?**

Alex Wilhelm, Natasha Mascarenhas

**The Latest**

## Google Cloud launches Vertex AI, a new managed machine learning platform

Frederic Lardinois   @fredericl / 2:45 PM CDT • May 18, 2021



camera **Image Credits:** kolo_feja / Getty Images

At Google I/O today Google Cloud announced Vertex AI, a new managed machine learning platform that is meant to make it easier for developers to deploy and maintain their AI models. It's a bit of an odd announcement at I/O, which tends to focus on mobile and web developers and doesn't traditionally feature a lot of Google Cloud news, but the fact that Google decided to announce Vertex today goes to show how important it thinks this new service is for a wide range of developers.

The launch of Vertex is the result of quite a bit of introspection by the Google Cloud team. "Machine learning in the enterprise is in crisis, in my view," Craig Wiley, the director of product management for Google Cloud's AI Platform, told me. "As someone who has worked in that space for a number of years, if you look at the Harvard Business Review or analyst reviews, or what have you — every single one of them comes out saying that the vast majority of companies are either investing in or are interested in investing in machine learning and are *not* getting value from it. That has to change. It has to change."

# What's included in Vertex AI?



**Image Credits:** Google

Wiley, who was also the general manager of AWS's SageMaker AI service from 2016 to 2018 before coming to Google in 2019, noted that Google and others who were able to make machine learning work for themselves saw how it can have a transformational impact, but he also noted that the way the big clouds started offering these services was by launching dozens of services, "many of which were dead ends," according to him (including some of Google's own). "Ultimately, our goal with Vertex is to reduce the time to ROI for these enterprises, to make sure that they can not just build a model but get real value from the models they're building."

Vertex then is meant to be a very flexible platform that allows developers and data scientist across skill levels to quickly train models. Google says it takes about 80% fewer lines of code to train a model versus some of its competitors, for example, and then help them manage the entire lifecycle of these models.

The service is also integrated with Vizier, Google's AI optimizer that can automatically tune hyperparameters in machine learning models. This greatly reduces the time it takes to tune a model and allows engineers to run more experiments and do so faster,



**Image Credits:** Google

!

An error has occurred

[terminalError]



Vertex also offers a "Feature Store" that helps its users serve, share and reuse the machine learning features and Vertex Experiments to help them accelerate the deployment of their models into producing with faster model selection.

Deployment is backed by a continuous monitoring service and Vertex Pipelines, a rebrand of Google Cloud's AI Platform Pipelines that helps teams manage the workflows involved in preparing and analyzing data for the models, train them, evaluate them and deploy them to production.

9 investors discuss hurdles, opportunities and the impact of cloud vendors in enterprise data lakes

About a decade ago, I remember having a conversation with a friend about big data. At the time, we both agreed that it was the purview of large companies like Facebook, Yahoo and Google, and not something most companies would have to worry about. As it turned out, we were both wrong. Within a short … Continue reading

TechCrunch 0

To give a wide variety of developers the right entry points, the service provides three interfaces: a drag-and-drop tool, notebooks for advanced users and — and this may be a bit of a surprise — BigQuery ML, Google's tool for using standard SQL queries to create and execute machine learning models in its BigQuery data warehouse.

"We had two guiding lights while building Vertex AI: get data scientists and engineers out of the orchestration weeds, and create an industry-wide shift that would make everyone get serious about moving AI out of pilot purgatory and into full-scale production," said Andrew Moore, vice president and general manager of Cloud AI and Industry Solutions at Google Cloud. "We are very proud of what we came up with in this platform, as it enables serious deployments for a new generation of AI that will empower data scientists and engineers to do fulfilling and creative work."

**More TechCrunch**

**Niantic buys gameplay recording app Lowkey to improve its in-game social experience**

**Have we reached peak founder-friendliness?**

**Cannabis and banking vets launch credit card for dispensaries**

**3 views on Jack Dorsey's decision to step down as Twitter's CEO**

**Sign up for Newsletters**

- Daily
- Week in Review
- Startups Weekly
- Event Updates
- Advertising Updates
- TechCrunch+ Announcements
- TechCrunch+ Events
- TechCrunch+ Roundup

See all newsletters

Subscribe

facebooktwitterlinkedinmail https://tcrn.ch/2RsasVP Copy

**Tags**

# EXHIBIT 3

# Katten

**525 W. Monroe Street**
**Chicago, IL  60661-3693**
**+1.312.902.5200 tel**
**katten.com**

**CAROLYN M. PASSEN**
carolyn.passen@katten.com
+1.312.902.5377 direct
+1.312.902.1061 fax

September 2, 2021

<u>**Via Email**</u>

Terri Chen
Legal Director
Google Inc.
1600 Amphitheatre Pkwy
Mountain View, CA 94043
TChen@google.com

**Re:**     **Google's Use of VIZIER**

Dear Ms. Chen:

We represent Visier, Inc. in connection with its trademark policing and enforcement efforts.  It has come to Visier's attention that Google is using the phonetically identical and visually similar name VIZIER in connection with software that appears to be closely related to Visier's VISIER® software (described below). As such, Visier is concerned that consumers may presume a connection between the two software applications, and/or mistakenly believe that Google's VIZIER application somehow incorporates our client's innovative technology. Visier has asked us to reach out to you in an effort to amicably resolve these concerns, and to prevent dilution of its valuable house brand.

As you may be aware, Visier is the recognized global leader in people analytics and workforce planning.  Its people analytics platform, VISIER, is a cloud-based application that processes massive volumes of data from different sources and applies cutting-edge machine learning algorithms to produce insightful recommendations.  In short, VISIER delivers fast, clear people insight by using all the available people data regardless of source. VISIER is used by HR leaders, people managers, executives, and others, to optimize how they manage their people and to find new ways of retaining and growing talent.

Visier was founded in 2010 and now has more than 11,000 customers in 75 countries around the world.  Today, 1 in 3 Fortune 500 companies use VISIER to improve their employee retention, diversity and inclusion, engagement, and more. Over the past decade, Visier has expended considerable resources in advertising, promoting, and selling its VISIER software, which has received substantial unsolicited publicity and several industry awards.  Visier also owns numerous registrations in the U.S. and around the world for its VISIER marks (copies of the U.S. registrations are enclosed for your review).  As a result, Visier has accumulated considerable goodwill and

# Katten

Terri Chen
September 2, 2021
Page 2

recognition in its VISIER marks, and can claim strong intellectual property rights in those marks. In short, consumers have come to associate the VISIER marks with Visier's software.

We trust that Google understands the importance of protecting intellectual property and preventing confusion in the marketplace and/or trademark dilution. Our concern is that Google's use of the virtually identical name VIZIER for software that is purportedly used to "tune hyperparameters in complex machine learning (ML) models" and "perform other optimization tasks" could be perceived as somehow affiliated with, sponsored by, or connected to, Visier.

While Visier is committed to aggressively protecting and policing its intellectual property rights, we would prefer to resolve this matter amicably via a dialogue. We would like to schedule a call with you, or Google's legal representative, as early as possible in an effort to address our client's concerns.

This letter is not intended to convey a complete statement of all facts and issues in dispute, and Visier expressly reserves all of its rights.

We look forward to hearing from you.

Sincerely,


/s/ Carolyn Passen


Carolyn M. Passen


cc:     Floyd A. Mandell

CMP:sc
Enclosures