UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISIER, INC.,<br><br>        Plaintiff,<br><br>     v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 22-cv-05323-TSH<br><br>**ORDER DENYING MOTION TO STRIKE AND GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

## I.   INTRODUCTION

This action arises from Defendant Google's alleged infringement of Plaintiff Visier, Inc.'s VISIER trademarks, which Visier uses in connection with its people analytics platform, VISIER. Pending before the Court is Google's Motion to Strike and Motion to Dismiss portions of Visier's complaint pursuant to Federal Rule of Civil Procedure 12(f) and 12(b)(6). ECF No. 15. Visier filed an Opposition (ECF No. 22) and Google filed a Reply (ECF No. 24). The Court finds this matter suitable for disposition without oral argument and **VACATES** the December 29, 2022 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Google's motion to strike and **GRANTS** its motion to dismiss for the following reasons.[1]

## II.   BACKGROUND

Visier states it is "the recognized global leader in people analytics and workforce planning." Compl. ¶¶ 11-12, ECF No. 1. The VISIER platform is a cloud-based software application that "delivers predictive analytics for HR, leveraging advanced machine learning

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 14, 16.

1  techniques" and is used by companies "to improve their employee retention, diversity and
2  inclusion, [and] engagement." *Id.* ¶¶ 11, 13.  Since its first use of the VISIER mark in February
3  2011, Visier "has expended millions of dollars in advertising, promoting, and selling its VISIER
4  Software, which has received substantial unsolicited publicity and several industry awards.  As a
5  result, Visier has accumulated considerable goodwill and recognition in its VISIER mark, and has
6  developed strong common law rights in the VISIER mark." *Id.* ¶ 14.  Visier also owns several
7  registrations in the U.S. and around the world for its VISIER mark.  *Id.* ¶ 16 & Ex. 1 (certificates
8  of registration).

9        Google offers Internet-related services and products, including online advertising
10 technologies, the GOOGLE search engine, cloud computing, software, and hardware.  *Id.* ¶ 17.
11 Visier alleges it learned from a May 2021 TechCrunch article that Google "was launching a new
12 managed machine learning platform 'integrated with Vizier'" and was using VIZIER to refer to
13 "Google's AI optimizer that can automatically tune hyperparameters in machine learning models."
14 *Id.* ¶¶ 18-19.  Google's VIZIER can be used with any software application that incorporates
15 machine learning, including the VISIER Software.  *Id.* ¶ 23.  Visier alleges that "[g]iven the
16 relatedness of the parties' software, and the near identity of the respective marks, Google's use of
17 VIZIER is likely to cause confusion as to whether its software incorporates Visier's innovative
18 technology and cutting-edge algorithms, or is otherwise connected to, sponsored, or approved by
19 Visier." *Id.* ¶ 4.  Alternatively, "and given Google's ability to overwhelm the market via its
20 GOOGLE search engine and other means, there is a real danger that consumers could be led to
21 believe that Visier is simply reselling or repackaging Google technology, or is infringing upon
22 Google's intellectual property rights, causing reverse confusion." *Id.*

23       Visier filed this lawsuit on September 19, 2022, alleging five causes of action against
24 Google: (1) trademark infringement (15 U.S.C. § 1114); (2) false designation of origin (15 U.S.C.
25 § 1125(a)); (3) trademark infringement (common law); (4) unfair competition (Cal. Bus. & Prof.
26 Code §§ 17200, et seq.) ("UCL"); and (5) unfair competition (common law).  *Id.* ¶¶ 27-61.
27       Google filed the present motion on November 21, 2022.
28

### III. DISCUSSION

**A.  Motion to Strike**

Google seeks to strike the bolded portions of the factual allegations below on the ground that they are immaterial to the asserted claims and prejudicial to Google:

- Given the propensity for both forward and reverse confusion, **as well as dilution of its distinctive mark**, Visier requested that Defendant stop using the VIZIER mark and transition to a new name. (*Id.* ¶ 23);

- This injury includes **a reduction in the distinctiveness of Visier's VISIER Marks, its house marks, and** injury to Visier's reputation that cannot be remedied through damages alone, and Visier has no adequate remedy at law. (*Id.* ¶ 49);

- This injury includes **a reduction in the distinctiveness of Visier's VISIER Marks, its house marks, and** injury to Visier's reputation that cannot be remedied through damages alone, and Visier has no adequate remedies at law. (*Id.* ¶ 55).

Mot. at 1.  Google argues these allegations "would be expected boilerplate in a complaint alleging dilution of a famous trademark under 15 U.S.C. § 1125(c), but are immaterial to the claims Visier has actually pleaded, which all sound in trademark infringement." *Id.* at 4.  Google also argues it will be prejudiced if Visier's allegations regarding dilution are not stricken because they do not address the likelihood of confusion standard for a trademark infringement claim and ["a]llowing them to remain would suggest that Visier has alleged dilution, that it has a famous mark, and/or that 'reduction in the distinctiveness' of Visier's marks is actionable." *Id.*

**1.  Legal Standard**

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted).

Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation."  *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted).

3

1  The court "should view the pleading in the light most favorable to the nonmoving party" and "[i]f
2  there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the
3  court should deny the motion." *Id.* (citation omitted). "Further, because Rule 12(f) motions are
4  disfavored, 'courts often require a showing of prejudice by the moving party before granting the
5  requested relief.'" *Digital Verification Sys., LLC v. Foxit Software Inc.*, 2022 WL 2800081, at *1
6  (N.D. Cal. Jan. 11, 2022) (quoting *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D.
7  Cal. 2012)).

"Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone*, 618 F.3d at 973).

**2.     Analysis**

Google argues the Court should Visier's allegations regarding whether Google diluted or reduced the distinctiveness of Visier's mark because they are immaterial. A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

To prevail on a claim for federal trademark infringement under the Lanham Act, Visier must show: (1) it has a protectible ownership interest in the mark; and (2) Google's use of the mark is likely to cause consumer confusion. *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (citation omitted). A claim for false designation of origin under the Lanham Act is subject to "[e]ssentially the same standard" as trademark infringement, except a claim for false designation of origin does not require that the mark be registered. *Marketquest Grp., Inc. v. BIC Corp.*, 2011 WL 5360899, at *2 n.4 (S.D. Cal. Nov. 7, 2011) (citing 15 U.S.C. §§ 1114(1) (trademark infringement), 1125(a)(1) (false designation of origin)). Visier's asserted common law trademark and unfair competition claims are "substantially congruent" to the Lanham Act claims. *See Gianni Versace, S.p.A. v. Versace 19.69 Abbigliamento Sportivo SRL*, 328 F. Supp. 3d 1007, 1013-14 (N.D. Cal. 2018) (citing *Playboy Enterprises, Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1024 n.10 (9th Cir.

4

1    2004)).

2        Visier admits that it does not bring a claim for trademark dilution. Opp'n at 6. However,
3    it argues the allegations Google moves to strike "describe one type of harm Visier is suffering as a
4    result of Google's use of a confusingly similar trademark—a reduction in the strength of its
5    VISIER trademark." *Id.* Visier maintains that "Google's use of a near identical mark in a similar
6    or related software space dilutes or diminishes the source-identifying strength of the VISIER
7    mark. And the fact that it is Google using the confusingly similar mark makes it all the more
8    damaging, given Google's unparalleled ability to reach consumers around the world via its
9    GOOGLE search engine." *Id.* at 7. At this stage in the case, the Court finds it is not clear that
10   these allegations have no possible bearing on the subject of the litigation.

11       As a preliminary matter, Google cites *Playmakers, LLC v. ESPN, Inc.*, 297 F. Supp. 2d
12   1277, 1284-85 (W.D. Wash. 2003), *aff'd*, 376 F.3d 894 (9th Cir. 2004), for the proposition that
13   "dilution allegations [are] not relevant to [a] trademark infringement claim." Mot. at 5. But
14   *Playmakers* did not involve a motion to strike "dilution allegations," nor did that court prohibit a
15   party from using the word "dilution" or similar terms where no anti-dilution claim is asserted.
16   Instead, the court was evaluating the probability of success of the plaintiff's trademark
17   infringement claim for purposes of deciding whether to issue a preliminary injunction.
18   *Playmakers*, 297 F. Supp. 2d at 1278-82. The court found there was no likelihood of confusion
19   between the respective marks to support a likelihood of success on the infringement claim, and it
20   declined to find otherwise based on plaintiff's alternative theory that the defendant's use of
21   "Playmakers" would "tarnish" the plaintiff's marks. *Id.* at 1284-85 ("the Court declines to adopt a
22   new theory of tarnishment to be used in the straightforward reverse confusion context"). Unlike in
23   *Playmakers*, Visier's allegations do not form an alternative theory of trademark infringement;
24   instead, they describe a form of harm Visier alleges it is suffering as a result of Google's use of a
25   similar mark.

26       Google also argues it will be prejudiced if the allegations remain because they would result
27   in "unnecessarily complicating the litigation, increasing costs, and confusing the issues." Mot. at
28   7. It maintains that any reference to the allegations would suggest that "dilution" or "reduction" of

1  distinctiveness are relevant to the standard for trademark infringement or harm, and that "nothing
2  will prohibit Visier from proliferating the same erroneous arguments about the scope of trademark
3  infringement in discovery, summary judgment, and/or trial in this case." *Id.*' Reply at 5. It is true
4  that "[t]he possibility that issues will be unnecessarily complicated or that superfluous pleadings
5  will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is
6  sufficient to support the granting of a motion to strike." *Cal. Dep't of Toxic Substances Control v.*
7  *Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (granting in part motion to strike
8  affirmative defenses). However, Google's generalized arguments are not enough to show
9  prejudice because, if any possibility of confusion remained after discovery has closed and any
10 summary judgment motions are resolved, the matter could be addressed by motions in limine prior
11 to trial. Therefore, viewing the pleadings in the light most favorable to Visier and resolving any
12 doubts in its favor, the Court must deny the motion. *See Platte Anchor Bolt*, 352 F. Supp. 2d at
13 1057.

### B.  Motion to Dismiss

Google also moves to dismiss Visier's UCL claim "to the extent this claim is predicated on Google's allegedly 'unfair' conduct." Mot. at 2.

#### 1.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

1    In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**2.    Analysis**

Section 17200 of California's UCL provides a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). "Each prong of the UCL is a separate and distinct theory of liability; thus, the 'unfair' practices prong offers an independent basis for relief." *Id.*

Visier alleges Google "has engaged in unlawful and/or unfair business practices in violation of the [UCL] by among other things, engaging in trademark infringement." Compl. ¶ 53. It alleges Google's acts "are unlawful and/or unfair under the UCL because Defendant's use of the VIZIER mark in California is likely to confuse consumers as to the source, origin, or affiliation of Defendant's software, to misrepresent the nature, characteristics and qualities of Defendant's software and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that Defendant's software somehow incorporates, or has the nature, characteristics, and/or qualities, of Visier's VISIER Software." *Id.* ¶ 54.

1       There is no dispute that Visier has stated a claim under the "unlawful" prong of the UCL
2  based on Google's alleged trademark infringement. Reply at 6. Google argues Visier has not
3  pleaded facts supporting an "unfair" antitrust allegation, and its UCL claim should be dismissed to
4  the extent it is predicated on the "unfair" prong. Mot. at 8. The Court agrees.
5       Where, as here, a plaintiff "who claims to have suffered injury from a direct competitor's
6  'unfair' act or practice invokes section 17200, the word 'unfair' in that section means conduct that
7  threatens an incipient violation of an antitrust law, or violates the policy or spirit or one of those
8  laws . . . , or otherwise significantly threatens or harms competition." *Cel-Tech Communic'ns,*
9  *Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Visier's complaint does not
10 include any allegation that Google's actions threaten "an incipient violation of an antitrust law," as
11 *Cel-Tech* requires. In fact, Visier admits that its "UCL claim does not purport to be a 'business-
12 competitor claim' [and] it does not allege any anticompetitive conduct by a direct competitor."
13 Opp'n 9. Thus, because Visier does not allege any facts in support of a cognizable antitrust
14 violation, its UCL claim must be dismissed to the extent it is predicated on the "unfair" prong.
15 *See Cel-Tech Communic'ns*, 20 Cal. 4th at 187; *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1136 (9th Cir.
16 2014) (affirming dismissal of business-competitor claim under the "unfair" prong for failing to
17 state a claim where general allegation of competitive harm did not amount to a violation of
18 antitrust law pursuant to *Cel-Tech*); *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1147
19 (N.D. Cal. 2010) (dismissing claim under the unfair prog for failing to allege facts showing
20 defendant's conduct violated antitrust law).

### IV.   CONCLUSION

22       For the reasons stated above, the Court **DENIES** Google's motion to strike and **GRANTS**
23 its motion to dismiss Visier's UCL claim to the extent it is predicated on the "unfair" prong. The
24 Court sets this matter for a case management conference on January 19, 2023 at 10:00 a.m. by
25 Zoom video conference. The webinar link and instructions are located at
26 https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/. This conference shall be attended by lead
27 trial counsel. By January 12 the parties shall file a Joint Case Management Statement containing
28 the information in the Standing Order for All Judges in the Northern District of California,

8

available at: http://cand.uscourts.gov/tshorders.  The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.

**IT IS SO ORDERED.**

Dated: December 16, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge